UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:18-CV-549-CRS

RICCY MABEL ENRIQUEZ-PERDOMO                                           PLAINTIFF

v.

SHAWN BYERS, *et al.*                                                                                   DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment, DN 74, and Plaintiff's Motion, DN 87, to exceed the 25-page limit for a response brief. Defendants did not oppose Plaintiff's Motion; given the lack of any objection, the court will grant Plaintiff's Motion. Defendants' Motion is ripe for adjudication. Having carefully considered the parties' arguments and the record of this case, the court will deny Defendants' Motion without prejudice for the reasons set forth below.

## **I. Background**

Plaintiff, Riccy Mabel Enriquez-Perdomo, who is Honduran, brought this action against four Immigration and Customs Enforcement ("ICE") agents: Ricardo A. Newman, Joseph M. Phelps, John R. Korkin, and Shawn Byers. Complaint at ¶¶ 1–2, DN 1 at PageID# 2. Plaintiff seeks money damages to redress these ICE agents' alleged violations of her Fourth and Fifth Amendment rights. *Id.* at ¶ 28, PageID# 6. More specifically, Plaintiff alleges that these ICE agents (1) despite knowing that she was registered under DACA, arrested and detained her for the purpose of deportation, *id.* at ¶ 14, PageID# 6, (2) unlawfully failed to provide her with a hearing prior to her arrest, *id.* at ¶ 45, PageID# 8, and (3) denied her equal protection of the law as the ICE agents were "motivated in substantial part by her ethnic origin". *Id.* at ¶ 48, PageID# 9.

For her causes of action, Enriquez-Perdomo relies on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* "held that the victim of a Fourth Amendment violation by federal officers had an implied constitutional claim for damages." *Tun-Cos v. Perrotte*, 922 F.3d 514, 517 (4th Cir. 2019).

## II. Procedural History

After permitting limited jurisdictional discovery, the court dismissed Enriquez-Perdomo's Complaint in its Memorandum Opinion and accompanying Order dated November 13, 2020. DN 62, DN 63. Namely, the court concluded that 8 U.S.C. § 1252(g) deprived the court of subject-matter jurisdiction because Enriquez-Perdomo's claims arose from the execution of a removal order. DN 62 at PageID# 603.

The Sixth Circuit Court of Appeals reversed in part, holding that § 1252(g)'s jurisdiction stripping provision contemplates only "executable" removal orders and that Enriquez-Perdomo's removal order was non-executable because of her DACA status. *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 863–67 (6th Cir. 2022). The Sixth Circuit emphasized that its "only concern" was "the jurisdictional question" and that it declined to "assess the merits of" Enriquez-Perdomo's remaining *Bivens* claims "or any defenses to those claims." *Id.* at 869–70. It did so because of the inherent "complexity of the question presented and the need for comprehensive briefing." *Id.* at 869. Thus, the Sixth Circuit remanded the matter with instructions for this court to consider "in the first instance" whether there is a *Bivens* remedy for Enriquez-Perdomo's remaining claims: warrantless arrest and unlawful detention in violation of the Fourth Amendment and deprivation of due process and equal protection in violation of the Fifth Amendment. *Id.* at 869–70.

After the Sixth Circuit's mandate issued, the court held a pretrial conference to discuss the case's procedural posture and ordered Defendants to brief the *Bivens* issue no later than October

16, 2023. Memo. of Pretrial Conf., DN 72 at PageID# 643. Defendants filed their Motion for Summary Judgment on July 5, 2023. DN 74.

### III. Legal Standard

Summary judgment is appropriate when the moving party shows that, for each claim or defense on which judgment is sought, there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here, for the purpose of their Motion, Defendants concede any disputed facts. Mot. Sum. Judg., DN 74 at PageID# 664.

### IV. Analysis

As there are no genuine disputes of material fact, the court need only consider whether Defendants are entitled to judgment as a matter of law on Enriquez-Perdomo's remaining *Bivens* claims. However, Defendant's Motion is insufficient for the court to make this determination.

*Bivens* is invoked where a plaintiff alleges that she was "deprived of rights secured by the Constitution or laws of the United States," "the defendants who allegedly deprived [her] of those rights acted under color of federal law," and there is no statutory remedy for the harm. *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014). "When a party seeks to assert an implied cause of action under the Constitution itself, . . . separation-of-powers principles are or should be central to the analysis." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted).

"To ensure respect for these foundational principles, the Supreme Court devised a two-part inquiry to determine when" a court "should engage in the 'disfavored judicial activity' of recognizing a new *Bivens* action." *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021) (citation omitted). The first *Bivens* prong tasks courts with considering "whether the claim arises in a new *Bivens* context." *Id.* "New context" is construed broadly. *Id.* "The context is new if it differs in virtually any way from the *Bivens* trilogy." *Id.* (citation omitted). "*Bivens* trilogy"

refers to the three cases in which the United States Supreme Court has recognized a damages claim against federal officials based on alleged violations of the Constitution: (1) under the Fourth Amendment's warrant requirement based on a warrantless search, seizure, and arrest, *Bivens*[1] (2) under the Fifth Amendment's due process clause based on gender discrimination, *Davis*[2] and (3) under the Eighth Amendment's cruel and unusual punishment clause for failing to provide adequate medical care to an inmate, *Carlson*.[3] If the context differs, the court moves to the second prong: "whether any special factors counsel against extending a cause of action." *Id.*

Defendants advanced two *Bivens* arguments in their Motion: (1) alternative remedies preclude extending *Bivens* to this case, Mot. Sum. Judg., DN 74 at PageID# 668–72; and (2) special factors counsel against extending *Bivens* to this case. *Id.* at PageID# 672–74. Both arguments presume that this case presents a new *Bivens* context. Defendants rely on one sentence from the Sixth Circuit's opinion, which they construe as a holding, for support:

> The Sixth Circuit has already determined that Plaintiff's claims arise in a new context: "*Egbert*, however, does not appear to explicitly foreclose *Bivens*' potential extension to Enriquez-Perdomo's Fourth and Fifth Amendment claims, each of which allege different constitutional violations than those alleged in *Egbert*, and none of which are brought against Border Patrol agents."

Mot. for Sum. Judg., DN 74 at PageID# 666 (quoting *Enriquez-Perdomo*, 54 F.4th at 869).

Consequently, Enriquez-Perdomo argues that Defendants failed to carry their burden to demonstrate that this case is meaningfully different from the *Bivens* trilogy. Response, DN 88 at PageID# 799–800 (relying on *Jacobs v. Alam*, 915 F.3d 1028, 1038 (6th Cir. 2019) (affirming district court's decision that *Bivens* claims were viable because, *inter alia*, the defendants did not

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] *Davis v. Passman*, 442 U.S. 228 (1979).
[3] *Carlson v. Green*, 446 U.S. 14 (1980).

"articulate why" the case "differ[ed] in a meaningful way" from the *Bivens* trilogy)). The court agrees.

Contrary to Defendants' position, the first *Bivens* prong is at issue in this case. The Sixth Circuit expressly declined to rule on the merits of Enriquez-Perdomo's remaining *Bivens* claims and any defenses thereto. *Enriquez-Perdomo*, 54 F.4th at 869–70. Moreover, as to Enriquez-Perdomo's Fourth Amendment claims, the Sixth Circuit explained that the removal order that Defendants relied on was non-executable – meaning "government officials ha[d] no authority, discretionary or otherwise, to execute it" – so "Defendants did not have authority to arrest or detain her." *Id.* at 865. Thus, Defendants were tasked with explaining how Enriquez-Perdomo's Fifth Amendment claims meaningfully differ from the *Bivens* trilogy and how her Fourth Amendment claims meaningfully differ from an ordinary warrantless arrest case. Defendants abdicated these duties, and their attempt to correct that mistake in Reply is insufficient: "it is well established that a reply brief is not the proper place to raise new arguments." *Reed v. Gulf Coast Enterprises*, No. 3:15-cv-295-JHM, 2018 WL 11488839, at *1 (W.D. Ky. June 27, 2018).

## V. Conclusion

The Sixth Circuit directed this court to consider whether Enriquez-Perdomo's *Bivens* claims are cognizable. Defendants' Motion is insufficient for the court to resolve this complex issue. To resolve the issue, the court must consider whether execution of a non-executable removal order against a DACA recipient that resulted in her unlawful detention is "meaningfully different" than *Bivens*, and whether Enriquez-Perdomo's Fifth Amendment claims constitute new *Bivens* contexts. Defendants' Motion does not assist the court in answering these challenging preliminary questions. Instead, it assumes these questions are not at issue. Thus, Defendants failed to carry their burden as to the first *Bivens* prong and their Motion for Summary Judgment, DN 74, must be, and hereby is, **DENIED** without prejudice as to refiling for that reason.

The court does not express any opinion on the Motion's merits. If Defendants choose to prepare a new motion, they must engage with the unique facts of this case, including Enriquez-Perdomo's status as a DACA recipient and their lack of authority to arrest her. Moreover, the briefing must meaningfully engage with *both prongs* of the *Bivens* framework as to *all four* of Enriquez-Perdomo's discrete claims.

Finally, Enriquez-Perdomo's unopposed Motion for Leave to exceed the 25-page limit for a response brief, DN 87, is **GRANTED.**

**IT IS SO ORDERED.**

March 19, 2024

Charles R. Simpson III, Senior Judge
United States District Court